**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| OSCASIO L. BYRD, ID # 780836, | ) | |
| **Petitioner,** | ) | |
| vs. | ) | No. 3:09-CV-0624-P-BH |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a June 2007 parole revocation proceeding.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner was convicted of aggravated assault in Dallas County (Cause No. F97-20204-KQ), and was sentenced to fifteen years imprisonment in February 1997.  (Pet. Writ of Habeas Corpus (Pet.) at 2.)  When he was released on parole on July 22, 2005, numerous conditions were placed on his release, including that he "commit no offense against the laws" of any state or the United States (Condition 2) and that he pay supervision and crime-victim fees (Condition 9C).  (*See* Certificate of Parole, attached as part of Ex. B to Answer.)

On May 8, 2007, petitioner received written notice of his rights in the revocation process. (*See* Rights of Offender in the Revocation Process, attached as part of Ex. B.)  On May 23, 2007,

he received notice of three alleged violations of Condition 2 (April, 19, 20, and 21, 2007) and two alleged violations of Condition 9C (both on April 13, 2007), all of which he denied. (*Id.*) On May 29, 2007, he requested a preliminary hearing. (*Id.*) A hearing was held on June 5, 2007, and petitioner requested a revocation hearing. (*See* Prelim. H'rg Proceeding to a Revoc. H'rg, attached as part of Ex. B.) On June 6, 2007, a hearing officer found probable cause to believe that petitioner had violated conditions of his release and that a revocation hearing should be convened. (*Id.*) A revocation hearing was conducted on June 13, 2007, and on June 15, 2007, a hearing officer recommended revocation of parole based on his conclusions that petitioner had violated Condition 2 on April 19, 2007, but not on April 20 or 21, and had violated Condition 9C as alleged. (*See* Revocation H'rg Report, attached as part of Ex. B.)

On June 26, 2007, the Board of Pardons and Paroles revoked petitioner's parole based on violations of Conditions 2 and 9C. (*See id.*) The hearing officer heard testimony from petitioner's common law wife that petitioner had called her cell phone and threatened to kill her. (*See id.*) Evidence was also submitted that petitioner had not satisfied his fee obligations. (*See* Fee Receipt, attached as part of Ex. B.) Petitioner unsuccessfully challenged the revocation through the state habeas process. *See Ex parte Byrd*, No. 39,555-04, slip op. at 1 (Tex. Crim. App. March 25, 2009).

On or about April 3, 2009, petitioner filed this federal habeas action pursuant to 28 U.S.C. § 2254. He claims that (1) he is unlawfully incarcerated because there was no valid ground to revoke his parole; (2) insufficient evidence supports the revocation; and (3) his due process rights were violated. (Pet. at 7.) On May 27, 2009, respondent answered, arguing that the petition is without merit. (*See* Answer at 1-7.) Petitioner filed no reply brief, and the issues are now ripe for consideration.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Because petitioner's claims were considered on the merits in the state habeas process, these AEDPA standards apply to his claims.

The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption "applies to explicit findings of fact and to 'those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.'" *Williams v. Quarterman*, 551 F.3d 352, 358 (5th Cir. 2008) (quoting *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001)).

## III.  DUE PROCESS

Petitioner's first and second claims relate to the sufficiency of the evidence to support revok-

3

ing his parole.  (Pet. at 7.)  In his third claim, petitioner specifically alleges a violation of due process based upon insufficient evidence.  (*Id.*)  He also alleges that the State violated his due process rights by not following proper procedures and conducting no investigation.  (*Id.*)

A parolee is constitutionally entitled to certain due process protections before a State may revoke his parole.  *Morrissey v. Brewer*, 408 U.S. 471, 487-488 (1972).  "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation."[1]  *Black v. Romano*, 471 U.S. 606, 610 (1985).  "[I]t is clear that the Fourteenth Amendment due process provisions contemplate that any [hearing to revoke probation] must comport with principles of fundamental fairness."  *United States v. Tyler*, 605 F.2d 851, 853 (5th Cir. 1979) (citing *Morrissey*, 408 U.S. at 484).  Parolees have a due process right to (1) written notice of the alleged parole violations; (2) disclosure of the evidence against him; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) cross-examine and confront witnesses unless there is good cause to disallow confrontation; (5) a neutral decision maker; and (6) a written statement as to the evidence relied upon and the reasons for revoking parole.  *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).

## A.  Sufficiency of the Evidence

Petitioner's sufficiency-of-the-evidence claims are premised on the fact that there was no pending charges against him based upon the alleged terroristic threat made to his common law wife. (*See* Pet. at 7 and attached page.)

On federal habeas review, the federal courts are limited in their review of the sufficiency of

---

[1] "Probationers and parolees have virtually identical constitutional due process rights in revocation hearings." *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994). Cases dealing with probationers and those dealing with parolees therefore have the same precedential value.

the evidence to support a parole revocation.  *See Moriel v. Cockrell*, No. 2:00-CV-0282-J-BB, 2003 WL 22038337, at *4 (N.D. Tex. Aug. 29, 2003) (recommendation of Mag. J.), *adopted by* unpub. order (N.D. Tex. Sept. 18, 2003).  A revocation is supported by sufficient evidence if "some evidence" exists in the record to support the revocation decision.  *Id.* (relying on *Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993)).  It does not violate the Constitution to consider criminal charges for which the parolee has not been charged, *Maddox v. U.S. Parole Comm'n*, 821 F.2d 997, 999 (5th Cir. 1987), or which have been dismissed, *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (per curiam); *Villarreal*, 985 F.2d at 839.

Under Texas law, a person commits the offense of terroristic threat, "if he threatens to commit any offense involving violence to any person or property with intent to . . . place any person in fear of imminent serious bodily injury."  Tex. Penal Code § 22.07(a)(2) (Vernon Supp. 2005). The testimony from petitioner's common law wife provided some evidence that he violated § 22.07(a)(2).  (*See* Revocation H'rg Report (summarizing testimony that petitioner threatened his wife by telephone on April 19, 2007); Prelim. H'rg Proceeding to a Revoc. H'rg (attaching a handwritten statement from the wife concerning the threat made by petitioner).)  The fact that petitioner was never charged with making a terroristic threat under § 22.07(a)(2) does not mean that his due process rights were violated.  *See Mitchell v. Quarterman*, No. 3:08-CV-1152-G, 2009 WL 790119, at *2 (N.D. Tex. Mar. 25, 2009) (accepting recommendation of Mag. J.).

Given the limited review of the sufficiency of the evidence to support a revocation decision, none of petitioner's claims entitle him to federal habeas relief based on an alleged insufficiency of the evidence.[2]

---

[2]  The Court also notes that sufficient evidence supports revoking his parole based on the violation of Condition 9C. Petitioner ignores this basis for revoking his parole.

**B.  Improper Procedures and Lack of Investigation**

Petitioner also alleges that the State violated his due process rights by following improper procedures and not investigating his case.  (Pet. at 7.)  The record reflects, however, that petitioner received the due process protections accorded parolees when the State revokes their parole.  Petitioner primarily complains about the insufficiency of the evidence which the Court addressed in the prior section.  To the extent his due process claims relate to improper procedures and a lack of investigation, they are contrary to and unsupported by the record.  This aspect of his third claim entitles petitioner to no federal habeas relief.

## IV.  STATE CONSIDERATION OF CLAIMS

The Court of Criminal Appeals adjudicated petitioner's claims on the merits through the State habeas process.  The decision to deny relief at the state level is not inconsistent with applicable Supreme Court precedent.  The decision involved no unreasonable application of Supreme Court precedent.  The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court.  Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in his federal petition.

## V.  EVIDENTIARY HEARING

Upon review of the pleadings, an evidentiary hearing appears unnecessary to resolve this federal petition.

## VI.  RECOMMENDATION

The District Court should **DENY** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 with prejudice.

**SIGNED this 10th day of August, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE